## Rose E. Crumlich *v.* Harrisburg, Appellant.

*Negligence—Municipality—Highway—Defective sidewalk.*

In an action against a city to recover damages for personal injuries caused by a fall on a sidewalk, it is proper to submit the case to the jury where there is evidence that at the point where the accident occurred there was a pavewash, the lid of which was broken, and the bricks around it sunken and depressed, and that the pavement had been in this condition for several months.

Argued May 29, 1894. Appeal, No. 21, May T., 1894, by defendant, from judgment of C. P. Dauphin Co., Sept. T., 1893,

No. 261, on verdict for the plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries. Before SIMONTON, P. J.

At the trial, it appeared that, on April 12, 1893, between six and seven o'clock in the morning, plaintiff fell on the sidewalk of Court avenue, in the city of Harrisburg, and sprained her foot and ankle. At the place where the accident occurred, close to the curb line, was an iron pavewash, consisting of a wooden box sunk into the ground with an iron cap, and covered on the top with an iron lid. The bricks around the pavewash had become somewhat sunken and depressed, so that the lid did not fit firmly on the box. The lid itself was broken. These conditions had existed for a period of time ranging, according to the testimony of the witnesses, from four months to one year before the date of the accident. Plaintiff described the accident as follows: "I stepped out of the road and my foot slipped, and as my foot slipped it struck the pavewash and the lid flew up and my foot went into the wash." On cross-examination she repeated: "I first slipped and then my foot struck the box, and as it did I suppose the lid flew off and my foot went in. . . . The only thing I took note of there was an offset there that I slipped on. When I slipped my foot struck the pavewash."

Plaintiff's points were among others as follows:

"1. The law requires travelers on a footway to look where they are going, and as this accident occurred in the daylight, and the plaintiff, if she used her eyesight, could have seen any place of danger, she is guilty of contributory negligence, and the verdict must be for the defendant." Refused. [1]

"4. It not having been shown that the city of Harrisburg was guilty of any negligence in this case, the verdict must be for the defendant." Refused. [2]

5. Request for binding instruction. Refused. [3]

Verdict and judgment for plaintiff for $300.

*Errors assigned* were (1–3) above instructions, quoting them, and (4) entry of judgment for plaintiff on the verdict.

*Robert Snodgrass, W. A. Middleton*, city solicitor, with him, for appellant, cited: Lynch v. Erie, 151 Pa. 381; Burns v. Bradford City, 137 Pa. 367; Barnes v. Snowden, 119 Pa. 53; King v. Thompson, 87 Pa. 365; Robb v. Borough, 137 Pa. 42; Dehnhardt v. City, 15 W. N. 214; Buzby v. Traction Co., 126 Pa. 559.

*Edgar L. King* and *Charles B. McConkey*, for appellee, not heard, cited: Dickson v. Hollister, 123 Pa. 421; Merriman v. Phillipsburg Boro., 158 Pa. 78; Easton Borough v. Neff, 102 Pa. 474; Readdy v. Shamokin, 137 Pa. 98; Carr v. Easton, 142 Pa. 139; Born v. Plank Road, 101 Pa. 334; Bunting v. Hogsett, 139 Pa. 363.

PER CURIAM, July 11, 1894:

There was no error either in refusing to affirm defendant's first, fourth and fifth points for charge, or in entering judgment for plaintiff on the verdict. The testimony was quite sufficient to carry the case to the jury on the question of defendant's negligence, if not also on the question of plaintiff's contributory negligence; and it was fairly submitted to them with instructions which appear to be fully adequate and free from error. The testimony tends to show, and doubtless the jury found, that the proximate cause of plaintiff's injury was the careless and negligent manner in which the lid of the pave-wash was placed thereon, and that the defect had existed so long that in the exercise of reasonable care it should have been discovered and remedied by the proper city authorities. These and other questions of fact, presented by the testimony, were clearly for the exclusive consideration of the jury, and hence the court was bound to submit the case to them as the constitutional triers of fact.

Judgment affirmed.